IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP J. FEINER, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF AMERICAN CANYON; JAMES CANNON; ROBERT PONTELLE; MARK JOSEPH; ROBERT SCHWERIN; and DOES 1 though 25, inclusive,<br><br>    Defendants.<br>_____/ | No. C 04-04472 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS CANNON, PONTELLE, JOSEPH AND SCHWERIN** |

The city zoning ordinance prohibits fences and hedges higher than 41 inches. Plaintiff Phillip Feiner, a city resident, had a hedge over 41 inches, varying between 66 and 96 inches. After repeated notifications of his violation, the city filed a complaint in state court seeking an injunction and abatement of the hedge as a public nuisance. On March 4, 2003, the state court issued default judgment in favor of the city. It authorized the city to "abate" the nuisance if plaintiff would not. The city then wrote a letter to plaintiff giving him five days to trim the hedge or else the city would proceed to trim it or cut it down. Plaintiff received the letter and trimmed his hedge to 65 inches. City employees then cut the hedge completely to the ground and sprayed a sealant/herbicide on the stumps (and perhaps elsewhere) to prevent regrowth.

Defendant James Cannon was the City Code Enforcement Officer. He planned and executed the act. Defendant Robert Pontelle was an attorney in a law firm contracted to fulfill

1  the duties of the Office of the City Attorney. He sought the court order authorizing the
2  abatement and visited plaintiff's property with Cannon to plan the removal. Pontelle also
3  personally authored the default judgment which the state court later issued. Defendants
4  Mark Joseph and Robert Schwerin were the City Manager and Public Works Superintendent,
5  respectively. Joseph acknowledged in a newspaper article that plaintiff had trimmed his hedge,
6  albeit not to the allowed height. Joseph and Schwerin also received a letter from Cannon
7  informing them that he planned to remove plaintiff's hedge and apply the herbicide. Plaintiff
8  alleges that Schwerin scheduled the public works crew that removed the hedge.

9  Plaintiff previously moved for summary judgment on his Fourth Amendment claim. An
10 order dated March 8, 2005, granted plaintiff's motion with respect to municipal defendant only.
11 As recently clarified, the order held that the state-court judgment, while authorizing the city to
12 "abate" the nuisance, did not authorize the herbicide. The order reserved the question of
13 qualified immunity for a properly-filed motion because plaintiff had not addressed the issue in
14 his initial motion. The order specifically noted, however, that the summary-judgment record
15 was insufficient at that point to overcome the individual defendants' affirmative defenses of
16 qualified immunity.

17 Plaintiff now moves for summary judgment against the individual defendants. He
18 asserts that no individual defendant is entitled to qualified immunity because no reasonable
19 officer could have believed that removing the hedge was allowed in light of clearly established
20 law.

21 The motion provides no further proof than was initially produced in his motion for
22 summary judgment against the city. Plaintiff has taken no depositions and has simply
23 reproduced four exhibits, all of which were attached to his prior motion. Furthermore, plaintiff
24 has failed to prove what personal actions by each defendant give rise to individual liability.
25 Accordingly, this order finds the record unchanged from the prior order, which held that
26 plaintiff had not overcome the defense of qualified immunity and denied his motion for
27 summary judgment as to the individual defendants. Plaintiff's motion for summary judgment as
28 to the individual defendants is therefore **DENIED**.

1                              *        *        *

2      This is the second motion for summary judgment in this case. Little or no discovery has been taken. As the accompanying order shows, a mistake was made in the March 8 order and partial summary judgment was improperly granted. After reviewing the record again on the reconsideration motion, the Court is convinced that the best course for this civil action is for discovery to proceed and at the close of discovery (both fact and expert) both sides can make their motions for summary judgment with the benefit of a full factual record and with proper authentication and proof. Before that, no motions for summary judgment will be entertained without first obtaining leave to file one. Such leave can be sought via a short motion and precis of any proposed motion, justifying earlier consideration.

**IT IS SO ORDERED.**

Dated: May 2, 2005.

                            s/ WILLIAM ALSUP
                            WILLIAM ALSUP
                            UNITED STATES DISTRICT JUDGE